

FILED

NOV - 7 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Christopher Seidman (SBN 98884)
Harmon & Seidman LLC
101 South Third Street, Suite 265
Grand Junction, Colorado  81501
Telephone:  970.245.9075
Fax:  970.245.8086
chris@harmonseidman.com

Robert W. Crockett (SBN 79918)
Harmon & Seidman LLC
33 Spindrift Passage
Corte Madera, California  94925
Telephone:  415.945.1830
robert@harmonseidman.com

*Attorneys for Plaintiff*
Minden Pictures, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MINDEN PICTURES, INC,

    Plaintiff,

v.

PEARSON EDUCATION, INC., and
JOHN DOE PRINTERS 1-10,

    Defendants

Case No. cv 11 5385

COMPLAINT

DEMAND FOR JURY TRIAL

       Plaintiff Minden Pictures, Inc. ("Plaintiff" or "Minden"), for its Complaint against Defendants Pearson Education, Inc. ("Pearson"), and John Doe Printers 1-10 alleges:

**STATEMENT OF ACTION**

       1.    This is an action for copyright infringement brought by Minden Pictures, Inc., an owner of the copyrights to the photographs described hereafter and originally licensed for limited use by Pearson, against Defendants for uses of Minden's photographs without its authority or permission.

1

COMPLAINT

## PARTIES

2. Minden, a California corporation, is a stock photography agency engaged in licensing photographic images to publishers, including Pearson. Minden's office is located in Watsonville, California.

3. Pearson is a Delaware corporation and publisher of educational textbooks. Pearson sells and distributes textbooks via its employees and agents in California and throughout the United States, including the publications in suit and ancillary materials, in which Plaintiff's photographs are unlawfully reproduced. At all times pertinent to the allegations herein, Pearson acted through its various imprints and divisions, as identified in Exhibit 1.

4. John Doe Printers 1-10 are the printers of some or all of the publications in suit and ancillary materials, whose identities are known to Pearson but unknown to Plaintiff.

## JURISDICTION

5. This is an action for injunctive relief, statutory damages, monetary damages and interest under the copyright laws of the United States. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (copyright).

## VENUE

6. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. §§ 1400(a).

## FACTS COMMON TO ALL COUNTS

7. Minden is an owner of the copyrights to the attached photographic images ("Photographs") depicted in Exhibit 1. The Photographs have been registered with the United States Copyright Office or complete applications for copyright registration have been received by the Copyright Office in compliance with the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, or the Photographs are not United States works under the Copyright Act.

8. Between 1992 and 2010, in response to permission requests from Pearson, Minden sold Pearson limited licenses to use copies of the Photographs in numerous educational

2

COMPLAINT

publications. The licenses Minden granted Pearson were expressly limited by number of copies, distribution area, language, duration and/or media (print or electronic) as set forth in Exhibit 1 (divided into 1a, 1b and 1c due to file size).

9. Minden granted the limited use licenses in response to Pearson's representations to Minden that the use of the Photographs would not exceed the limitations contained in its license requests. *See*, for example, Exhibits 2 and 3 setting forth the identity of the persons making the misrepresentations; the time, place and content of the misrepresentations; and the method by which the misrepresentations were communicated to Minden.

A. In August 2005 Pearson sought and secured a license to use 22 of Minden's Photographs for up to 200,000 copies in the middle school textbook, *Scott Foresman Science, Grade 3*. Exhibit 2a. By April 2009, Pearson had printed 354,847 copies of the book. Exhibits 2b and 2c. In November 2009, rather than disclose the overprinting to Minden, Pearson sought to extend the license by 100,000 copies – an amount that did not even cover existing printings and could not cover future printings of the repackaged "Diamond Edition." Exhibit 2d.

B. In March 2004 Pearson sought and secured a license to use seven of Minden's Photographs in *Essential Biology with Physiology*, limited to 40,000 copies and North American distribution. Exhibit 3a. Without notice to or permission from Minden, Pearson printed at least 81,000 copies. Exhibit 3b. Pearson also created an unauthorized international edition and distributed it overseas. Exhibit 3c.

10. At the time Pearson represented to Minden in its requests that it needed specified, limited licenses to use the Photographs, Pearson often knew its actual uses under the licenses would exceed the permission it was requesting and paying for.

11. Pearson intended by its misrepresentations to obtain access to the Photographs at a lower cost than it would have paid had it been honest in its dealings with Minden and to conceal the copyright infringements that followed. Pearson's false and misleading representations deceived Minden and concealed the copyright infringements that followed.

COMPLAINT

12. Minden relied to its detriment on the truthfulness of the express limitations contained in Pearson's license requests in establishing Minden's license fees.

13. When Pearson copied, distributed and used the Photographs without authorization, Pearson had a duty in equity and good conscience to disclose those uses to Minden. This is especially so because Pearson knew precisely when its use of the Photographs exceeded the applicable license limitations, or were used without any license, but Minden had no such knowledge nor any reason to assume Pearson was being deceitful in the uses it was making of the Photographs.

14. Pearson's fraud was effective and worked as intended. For years the infringements that followed Pearson's fraud were concealed. But for Minden's fortuitous discovery of Pearson's fraudulent acts, Pearson's infringing acts would still be concealed, as Pearson intended.

15. On April 2, 2011, Plaintiff's counsel requested that Pearson agree to provide information regarding Pearson's unauthorized uses of the Photographs. Exhibit 4. Pearson did not agree to provide the requested information about its uses. To this day, Pearson has not provided it.

16. Upon information and belief, Pearson exceeded the permitted uses under the terms of the limited licenses granted by Minden in the publications identified in Exhibit 1.

17. Upon information and belief, Pearson used the Photographs without any permission in additional publications. Because Pearson alone knows these wholly unauthorized uses, Minden cannot further identify them without discovery. Upon information and belief, Pearson has developed a list of its wholly unlicensed uses (euphemistically referred to by Pearson as images that need to be "cleared") and Minden's Photographs are among those Pearson has so identified.

18. Pearson alone knows the full extent to which it has infringed Minden's copyrights by violating his license limits.

19. On May 3, 2010, and January 13, 2011, Julie Orr, Pearson's Curriculum Group's Image Manager, Rights and Permissions, testified that Pearson published photographs in its textbooks in some instances without obtaining any permission and had printed in excess of license limits in situations where licenses were obtained. Exhibit 5a and 5b.

4

COMPLAINT

20. On June 16, 2010, Maureen Griffin, Pearson's Curriculum Group's Photo Commissions Editor, testified that Pearson had published photographs in its textbooks "before the FTP [file to printer] date" and that "the number of textbooks printed exceeded the licenses we obtained." Exhibit 6.

21. Pearson's practice of infringing copyrights extends beyond the publications in Exhibit 1. *See* Exhibit 7 for additional examples. While the lost licensing fee to any individual copyright holder is relatively small, Pearson has sold and distributed millions of these publications, generating billions in revenue and profits. Pearson's business model, built on a foundation of pervasive and willful copyright infringement, deprived Plaintiff and thousands of other visual art licensors of their rightful compensation and unjustly enriched Pearson with outlandish profits in the process.

22. Since 2009, Pearson has been sued for copyright infringement in furtherance of the scheme described above in at least the following 13 actions:

A. Southern District of New York: *Norbert Wu v. Pearson Education, Inc.*, No. 09-cv-6557-RJH (*Wu I*) (Wu's motion for class certification for Pearson's license violations granted September 30, 2011) and *Norbert Wu v. Pearson Education, Inc.*, No. 10-cv-6537-RJH (*Wu II*), (class action certification for Pearson's uses without any licenses denied); *Psihoyos v. Pearson Education, Inc.*, No. 10-civ-5912-JSR; *Cole v. Pearson Education, Inc.*, No. 10-civ-7523.

B. Eastern District of Pennsylvania: *Phil Degginger et al. v. Pearson Education, Inc. et al.*, No. 11-cv-01302-GKP; *Grant Heilman Photography Inc. v. Pearson Education, Inc. et al.*, No. 5:11-cv-04649-LDD.

C. District of Arizona: *Bean et al. v. Pearson Education, Inc.*, No. 3:11-cv-08030-PGR; *DRK Photo v. Pearson Education, Inc. et al.*, No. 3:11-cv-08097-PGR.

D. District of Colorado: *Viesti Associates, Inc. v. Pearson Education, Inc. et al.*, Case No. 11-cv-01687-PAB.

E. District of Hawaii: *Pacific Stock, Inc. v. Pearson Education, Inc.*, No. 11-cv-00423-SOM-BMK.

5

COMPLAINT

F. Northern District of Ohio: *Gentieu v Pearson Education, Inc. et al.*, Case No. 3:11-cv-01946-JGC.

G. Northern District of California: *Carr Clifton v. Pearson Education, Inc. et al.*, No. 5:11-cv-03640-EJD.

H. Northern District of Illinois: *Robert Frerck v. Pearson Education, Inc. et al.*, Case No. 1:11-cv-05319.

23. Minden has satisfied, or Defendants have waived, all conditions precedent to the filing of this complaint. On Minden's website, Minden agreed to forgo its right to sue if a licensee agreed to pay 10 times the normal price for unauthorized uses within 10 days of billing. Accordingly, on April 1, 2011, Minden offered to settle all copyright infringement and contract claims pertaining to images licensed to Pearson for 10 times the normal price it would have charged for the unauthorized uses made. The offer provided that it would expire in 10 days and was contingent on Pearson's agreement to disclose within a reasonable time its unauthorized uses and pay Minden within 10 days of receipt of Minden's billing for such unauthorized uses. Pearson did not accept Minden's offer.

24. Pearson seeks to avoid liability for its widespread copyright infringements by this "commit-the-perfect-crime" approach:

A. License for unrealistically low limits, giving Pearson access to the Photographs and concealing its infringements because Minden doesn't know if and when Pearson violates any particular license's limits.

B. Use beyond those limits without notice to Minden.

C. Refuse to disclose its unauthorized uses when requested.

D. Argue in court that infringement claims pleaded "upon information and belief" — necessary because Pearson, the sole source of information about its infringing uses, refuses to disclose its uses — must be dismissed as unsupported by evidence and that only infringements Pearson acknowledges before suit are actionable.

COMPLAINT

25. Upon information and belief, John Doe Printers 1-10 are the printers of the publications in suit, and they printed copies in excess of the licenses granted by Minden and earned profits from such printings.

26. All exhibits attached hereto are incorporated into this complaint by this reference.

## COUNT I
## COPYRIGHT INFRINGEMENT AGAINST PEARSON

27. Minden incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

28. The foregoing acts of Pearson constitute infringements of Minden's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 *et seq.*

29. Plaintiff suffered damages as a result of Pearson's unauthorized use of the Photographs.

## COUNT II
## COPYRIGHT INFRINGEMENT AGAINST JOHN DOE PRINTERS 1-10

30. Plaintiff incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

31. The foregoing acts of John Doe Printers 1-10 in printing the publications in suit constitute infringements of Plaintiff's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 *et. seq.*

32. Plaintiff suffered damages as a result of the unauthorized printing of his Photographs by John Doe Printers 1-10.

WHEREFORE, Plaintiff requests the following:

1. A preliminary and permanent injunction against Defendants and anyone working in concert with them from copying, displaying, distributing, selling or offering to sell Plaintiff's Photographs described in this Complaint and Plaintiff's photographs not included in suit.

COMPLAINT

2. As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiff's Photographs used in violation of Plaintiff's exclusive copyrights as well as all related records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendants without Plaintiff's authorization.

3. An award of Plaintiff's actual damages and all profits derived from the unauthorized use of Plaintiff's Photographs or, where applicable and at Plaintiff's election, statutory damages.

4. An award of Plaintiff's reasonable attorneys' fees.

5. An award of Plaintiff's court costs, expert witness fees, interest and all other amounts authorized under law.

6. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues permitted by law.

DATED: November 4, 2011

        Plaintiff Minden Pictures, Inc.
        by its attorneys,

        *Robert W. Crockett*
        Robert W. Crockett
        Robert W. Crockett (SBN 79918)
        Harmon & Seidman LLC
        33 Spindrift Passage
        Corte Madera, California 94925
        Telephone: 415.945.1830
        robert@harmonseidman.com

        Christopher Seidman (SBN 98884)
        Harmon & Seidman LLC
        101 South Third Street, Suite 265
        Grand Junction, Colorado 81501
        Telephone: 970.245.9075
        Fax: 970.245.8086
        chris@harmonseidman.com

COMPLAINT