**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MINDEN PICTURES, INC.,

    Plaintiff,

v.

PEARSON EDUCATION, INC., and JOHN DOE PRINTERS 1–10,

    Defendants.

No. C 11-05385 WHA

**ORDER DENYING MOTION TO DISMISS AND VACATING HEARING**

## INTRODUCTION

In this copyright infringement action, defendant Pearson Education, Inc., moves to dismiss. For the following reasons, defendant's motion is **DENIED**.

## STATEMENT

Plaintiff Minden Pictures, Inc., is a stock photography agency. Defendant Pearson Education, Inc., is a publisher of educational textbooks (Second Amd. Compl. ¶¶ 2–3).

Minden's initial complaint stated the following: Between 1992 and 2010, Pearson solicited and obtained from Minden a series of licenses to use 4,398 of Minden's photographs in a limited number of publications of Pearson's textbooks. Without notice or permission from Minden, however, Pearson printed copies of textbooks containing Minden's pictures beyond the limits set forth in the licenses. In 2009, Minden discovered that Pearson had printed 29 of Minden's photographs without authorization (*id*. at ¶¶ 8–9, 13).

Minden filed its initial complaint in November 2011, alleging infringement of all 4,398 copyrights. Pearson filed a motion to dismiss, arguing that: (1) Minden had not

1 adequately pleaded that copyrights in the photographs had been properly registered, (2) Minden
2 had not adequately pleaded that it owned the copyrights, and (3) Minden failed to state a claim
3 for all but 29 of the licensed photographs (Dkt. No. 8). Following full briefing, Minden filed
4 an amended complaint pursuant to a stipulated order under Rule 15(a)(2) one week before
5 the February 16 hearing. Minden's amended complaint stated that it "ha[d] exclusive rights
6 of reproduction and distribution worldwide for the Photographs" (First Amd. Comp. ¶ 7).

7 At the February 16 hearing, Pearson stated that it had received another amended
8 complaint from Minden by email while en route to the hearing. The amended complaint
9 eliminated the statement that Minden was the exclusive owner of reproduction and distribution
10 rights, and instead claimed that it had exclusive rights as a co-owner of the copyrighted
11 photographs (Br. Exh. A at 6). At the hearing, Pearson argued that, under Section 501(b) and
12 *Silvers v. Sony Pictures Entm't, Inc*., only an owner of an exclusive right is entitled to bring
13 suit for copyright infringement. 402 F.3d 881 (9th Cir. 2005). Pearson pointed out that there
14 was no documentation of a transfer of exclusive rights from the photographers to Minden.
15 Minden's counsel was instructed at the February 16 hearing to append to the second amended
16 complaint "every single document that matters" with respect to any assignments between the
17 photographers and Minden (Br. Exh. A at 29). Minden was also instructed that it had a
18 "responsibility to have a good faith basis" for claiming copyright infringement beyond the
19 29 photographs specifically outlined in the complaint (*id*. at 15). An order issued denying
20 defendant's motion to dismiss the initial complaint as moot and granting leave to file the second
21 amended complaint (Dkt. No. 29).

22 Minden filed its second amended complaint on March 1. Therein, Minden claims to be
23 "co-owner of the exclusive rights enumerated in 17 U.S.C. § 106, including, but not limited to,
24 the right to authorize reproduction, distribution, and display of the Photographs. Minden also
25 has, by assignment, the sole right to bring and resolve accrued and later accruing claims"
26 (Second Amd. Compl. ¶ 7). Minden alleges that Pearson printed 4,275 photographs beyond
27 the limits set by the licensing agreements, and makes specific allegations as to 132 of those
28 photographs (*id*. at ¶ 13).

2

An abundance of exhibits are appended to Minden's second amended complaint. These include a spreadsheet documenting the registration status of the photographs with the United States Copyright Office, along with registration certificates, and documentation of the unauthorized publication of the 132 photographs. Also included are copies of a "Copyright Assignment, Accrued Causes of Action, and Litigation Agreement." This agreement states (*id*. at Exh. 2):

> The undersigned, the sole owner of the copyrights in the undersigned's images ("the Images") selected by Minden Pictures, Inc. ("Agency") and included in its collection, hereby assigns to Agency co-ownership of all copyrights in the images. This assignment authorizes Agency, in its sole discretion, to present, litigate and settle any accrued or later accruing claims, causes of action, choses in action —which is the personal right to bring a case — or lawsuits, brought by Agency to address unauthorized uses of the Images by licensees of Agency, as if Agency were the undersigned. Agency agrees to reassign its co-ownership of the images back to the undersigned immediately upon the conclusion of any such litigation.

In its motion to dismiss, Pearson does not dispute that the second amended complaint adequately alleges infringement as to the 132 licensed photographs. Pearson now argues that: (1) the copyright registrations for compilation works are invalid, (2) Minden still has not shown that it has acquired exclusive rights to the copyrighted photographs, and (3) Minden has not adequately alleged infringement for all but 132 photographs.

**ANALYSIS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that a defendant is liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

To state a claim for copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Servs. Co.*, 499 U.S. 340, 361 (1991). To recover for copyright infringement for breach of a license agreement, a plaintiff must show that copying exceeded the scope of a defendant's license. *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1087–88 (9th Cir. 1989).

### 1. COPYRIGHT REGISTRATION.

A copyright registration is "prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. 410(c). In a copyright infringement suit, the burden is on a defendant to prove the invalidity of a copyright registration. *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011). "To rebut the presumption of validity, an infringement defendant must simply offer some evidence of proof to dispute or deny the plaintiff's prima facie case of infringement." *Ibid*.

Minden has attached copyright registration certificates to its second amended complaint (Second Amd. Compl. Exh. 3). Some registration certificates are for collections of photographs. Defendant argues that because these certificates are for compilation works, and do not specify which photographs are contained therein, these registrations are invalid as to each photograph and do not give Minden the right to bring an infringement suit for those individual photographs (Br. 12–13).

Our court of appeals has yet to rule on whether a copyright for a compilation extends protection to the individual photographs contained therein. At this stage in the litigation, it is enough that Minden has adequately alleged valid copyright registration for all photographs, whether in compilation form or not. This is consistent with *Pacific Stock, Inc. v. Pearson Education, Inc.*, another suit within our circuit dealing with an almost identical set of facts. No. 11-00423, 2012 WL 93182 (D. Hawaii Jan. 11, 2012) (Mollway, J.). *Pacific Stock* noted that the United States Copyright Office provides some guidance on the subject: "[T]he application should name the author of the collective work," but "[t]he names of the individual authors of separate contributions being registered as part of the claim need not be given on the

4

1 application." *Id*. at *5 (citing COMPENDIUM II: COPYRIGHT OFFICES PRACTICES 615.06).
2 The *Pacific Stock* court concluded that the law did not require a dismissal of the plaintiff's
3 claims as to photographs contained in compilations on the ground that the individual
4 photographs were not registered. *Ibid*.

### 2. COPYRIGHT OWNERSHIP.

Under the Copyright Act, "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right . . . ." 17 U.S.C. 501(b). The ownership of a copyright "may be transferred in whole or in part by any means of conveyance." 17 U.S.C. 201(d). Thus, exclusive rights in a copyright may be transferred and owned separately. *Silvers*, 402 F.3d at 885.

Minden alleges that it is co-owner of the exclusive rights of reproduction, distribution, and display of the photographs, and has appended assignment agreements showing that the photographers assigned to Minden co-ownership of the copyrights in the images, along with the right to sue for any accrued copyright claims. This is sufficient to show that Minden has exclusive rights in the photographs, and thus has standing to maintain this action.

Pearson argues that, under *Silvers*, Minden cannot bring suit merely by having been given the "bare assignment" of the right to sue. Yet, unlike in *Silvers*, Minden has *also* been assigned ownership in the copyrighted images, along with the right to sue for any accrued claims. This is precisely the situation in which *Silvers* would have allowed a copyright claim to move forward. *Id*. at 883, 890.

### 3. SUFFICIENCY OF THE COMPLAINT.

When reviewing a motion to dismiss, "determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Balistreri v. Pac. Police Dept*., 901 F.2d 696, 699 (9th Cir. 1990). Pearson contends that Minden fails to state a plausible claim for copyright infringement with respect to 4,125 of the 4,257 images. This order disagrees.

Minden alleged in its initial complaint in November 2011 that it had found 29 cases of copyright infringement by Pearson (Compl. ¶ 9). Four months later, it had already found over

5

100 new instances (Second Amd. Compl. ¶ 13). Pearson does not dispute that Minden's second amended complaint sufficiently alleges infringement as to these 132 images (Br. 14). Therefore, a reasonable inference can be drawn that, through a pattern and practice of impermissible use and deception, Pearson has profited from the unauthorized distribution of more than just these 132 images.

Without citing any controlling authority, Pearson argues that Minden should not be permitted to allege a pattern and practice of infringement by providing 132 examples of infringement (*ibid*.). Minden, on the other hand, points out that in every other suit Pearson has been involved in and has made this argument, courts have ruled against Pearson. *See Pacific Stock*, 2012 WL 93182, at *6 ("Going forward, Pacific Stock will have to flesh out its copyright infringement claim and more particularly describe each actual act of infringement. However, at this point, Pacific Stock has sufficiently stated a copyright infringement claim . . ."); *Bean v. Pearson Educ., Inc.*, No. 11-8030, 2011 WL 1882367, at *4 (D. Ariz. May 17, 2011) (Rosenblatt, J.) ("Allegations 'upon information and belief' are sufficient so long as the alleged facts make the complaint plausible on its face"); *Wu v. Pearson Educ., Inc.*, No. 09-6557, 2010 WL 3791676, at *6 (S.D.N.Y. Sept. 29, 2010) (Holwell, J.). In *Grant Heilman Photography, Inc. v. Pearson Education, Inc*., a district court held that specific allegations concerning seven photographs showed the possibility of infringement "on a widespread basis" upon any of the 2,500 photographs licensed to Pearson, and thus survived a motion to dismiss (Opp. Exh. 1 at 8–9). This order agrees with the above reasoning.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is **DENIED**. The hearing scheduled for May 10 is **VACATED**.

**IT IS SO ORDERED.**

Dated: May 4, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6