IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINDEN PICTURES, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>PEARSON EDUCATION, INC., et al.,<br><br>    Defendants.<br>_____/ | No. C 11-05385 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND VACATING HEARING** |

**INTRODUCTION**

In this copyright action involving stock photos used in educational textbooks, plaintiff seeks leave to file a third amended complaint. For the reasons explained below, plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

The background of plaintiff's efforts to plead its case is discussed at length in a prior order (Dkt. No. 39). Plaintiff now seeks leave to amend its complaint for the third time. The proposed amendments primarily pertain to plaintiff's wish to add a claim for contributory copyright infringement by defendant resulting from defendant's transmission and distribution of infringing works to third parties.

Plaintiff also moves to add allegations concerning ancillary and custom publications, and

to remove the "John Doe Printer" defendants. This aspect of the motion is unopposed by defendant.

## ANALYSIS

Under Rule 15, leave to amend should be given when justice so requires. The underlying purpose of Rule 15 is to facilitate decisions on the merits, rather than on the pleadings or technicalities. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). In the absence of an apparent reason, such as undue delay, bad faith, undue prejudice, or futility of amendment, leave should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In assessing these factors, all inferences should be made in favor of granting the motion. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Nevertheless, "when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.'" *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). A court does not abuse its discretion in denying a motion to amend a complaint when the movant presents no new facts but only new theories, and provides no satisfactory explanation for his failure to develop his contentions originally. *Vincent v. Trend Western Tech. Corp.*, 828 F.2d 563, 570–71 (9th Cir. 1987).

Rule 16(b) requires that the time to amend the pleadings be limited by a scheduling order. A party seeking to amend after the date set in a scheduling order must first show "good cause." FRCP 16(b)(4).

1. **SUBJECT-MATTER JURISDICTION.**

As a threshold matter, defendant contends that the Court lacks subject-matter jurisdiction over plaintiff's proposed claims for contributory infringement based on the actions of third parties outside the United States. This order disagrees.

It is a well-established principle that, as a general rule, the Copyright Act has no extraterritorial effect. *L.A. News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 990 (9th Cir. 1998). There is an exception known as the predicate act doctrine whereby a plaintiff can collect damages for foreign copyright violations that are directly linked to the domestic copyright violation. *Id.* at 991–992. Defendant contends this exception is inapplicable because

the predicate act doctrine "applies to *damages* arising from infringement within the United States; it does not permit a plaintiff to assert claims for contributory infringement arising from direct infringement that occurs outside the United States" (Opp. 11 (emphasis in original)).

There is a split in authority as to whether the extraterritoriality question is jurisdictional in nature, or should instead be analyzed in terms of whether the extraterritorial acts state a claim for infringement. *Litecubes, LLC v. Northern Light Prods., Inc.*, 523 F.3d 1353, 1367–68 (Fed. Cir. 2008). Assuming, *arguendo*, that it is jurisdictional, this order finds that subject-matter jurisdiction exists.

Defendant misreads the holding of the controlling precedent in this circuit, *L.A. News Services v. Reuters Television International, Ltd*. Although the holding in that decision did not specifically refer to "contributory infringement," our court of appeals was squarely faced with a contributory infringement claim involving foreign infringements and predicate domestic infringement. In that context, our court of appeals held that the plaintiff was "entitled to recover damages flowing from exploitation abroad of the domestic acts of infringement committed by defendants." 149 F.3d at 992.

The present action is analogous. Here, plaintiff's proposed third amended complaint alleges that "[u]pon information and belief, Pearson's unauthorized reproduction and distribution to the Third Parties took place in the United States" (Dkt. No. 49-1 ¶ 31). Thus, plaintiff alleges a domestic predicate act of infringement. The third-party extraterritorial acts flow from this infringement because plaintiff alleges that the foreign third parties then published local reprints of the domestically-infringing works (*id.* ¶ 32).

### 2. UNDUE DELAY AND PREJUDICE.

The parties exchanged initial disclosures on February 9, 2012 (Dkt. No. 41) and full discovery began by at least May 4 (due to an order stating that discovery should begin upon resolution of defendant's motion to dismiss). Plaintiff filed the instant motion to amend more than six months later, on the last day permitted for pleading amendments in the case management scheduling order. Defendant complains that this constitutes undue delay, and that it

3

would be prejudiced by the amendment both because of the additional discovery burdens, and because adding the new claim would delay resolution of the existing claims.

Plaintiff's arguments against prejudice are unpersuasive. The contributory infringement claim, as pled in the proposed amendments, does not pertain to a single, or even a handful of third parties. The proposed amendment asserts that defendant facilitates international distribution through its own international rights management group. This group "arranges for approximately 4,000 third-party licenses annually, which includes translations in approximately 50 languages read around the world" (Dkt. No. 49-1 ¶ 30). There is no indication that the "third parties" implicated in the amendments will be limited to any reasonable number of entities. This creates the potential for a massive expansion of the scope of discovery — with international implications — and an onerous resulting burden on defendant.

Plaintiff asserts that this discovery would not result in additional delay given that the non-expert discovery cutoff is April 30. This date is less than four months from the date of the present order. Given that the parties have not yet completed what plaintiff terms the "opening round" of discovery after seven months, plaintiff's optimism is unwarranted. Defendant, for its part, faces a choice between heavy discovery burdens within a narrow window or additional delay to complete discovery. Prejudice to the defendant seems very likely. Against this backdrop, plaintiff's timing of the proposed amendments can only be seen as a dilatory tactic.

Plaintiff fails to provide an explanation for why it didn't plead contributory infringement in prior versions of its complaint. Instead, plaintiff's justification for the amendments is contemporaneous. Plaintiff asserts that defendant has refused to provide discovery related to contributory infringement because it was not pled in the complaint. Plaintiff seeks to amend in order to make this discovery relevant and proceed with its document requests. Put differently, plaintiff seeks to amend its complaint so that it can conduct a discovery fishing expedition. The clear objective of the amendments would be to shore up the amended allegations, which were earlier thinly pled "on information and belief."

There is no apparent reason why plaintiff did not plead contributory infringement in the

4

1 prior versions of its complaint. Given the likely prejudice to defendant, plaintiff will not be
2 permitted an additional chance to amend at this late stage. This is not a situation where
3 documents produced during discovery made a party aware of potential claims. Plaintiff was
4 clearly aware of this potential claim for contributory infringement at the time it propounded its
5 unanswered discovery requests. The appropriate time to have pled it was at the outset of the
6 action — or at least at the time plaintiff filed its second amended complaint.

Plaintiff points out that the filing of its motion for leave to amend fell within the window
specified in the case management scheduling order. Given that plaintiff filed its motion after the
courthouse closed on the last possible day, plaintiff's position is not compelling. Nor can
plaintiff shift the blame to defendant because of settlement overtures sent via email. The case
management scheduling order specifically states that the parties should "not ask for any
extensions on the ground of settlement discussions or on the ground that the parties experienced
delays in scheduling settlement conferences" (Dkt. No. 44 at ¶ 13). By at least mid-May, it was
plaintiff's responsibility to plow ahead with discovery. Plaintiff chose not to do so.

Plaintiff's reliance on the pending action *Carr Clifton v. Pearson Education, Inc.*, No.
11-3640 (N.D. Cal.) (Judge Davila), is likewise misplaced. In that action, the plaintiff was
permitted to file a first amended complaint where the *stipulated* amendments were limited to the
issue of ancillary and custom editions (*see* No. 11-3640, Dkt. Nos. 63, 65). The issue of
international contributory infringement was not present.

**3.  ANCILLARY AND CUSTOM PUBLICATIONS, AND JOHN DOE PRINTER DEFENDANTS.**

Defendant does not oppose plaintiff's motion insofar as it seeks to add allegations concerning ancillary and custom publications, and to remove John Doe Printer defendants. Accordingly, plaintiff's motion to amend regarding these issues (deletion of ¶¶ 4, 36–38, and modification of ¶¶ 24, 27) is **GRANTED**.

**CONCLUSION**

Plaintiff's motion for leave file a third amended complaint is **GRANTED IN PART AND DENIED IN PART**. Plaintiff shall file its third amended complaint containing only the

5

amendments permitted by subsection three of this order by **JANUARY 9 AT NOON**, and the answer thereto is due by **JANUARY 23 AT NOON**. The January 10 hearing is **VACATED**.

**IT IS SO ORDERED.**

Dated: January 7, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE